DAVID A. ROSENFELD, Bar No. 058163
EMILY P. RICH, Bar No. 168735
JANNAH V. MANANSALA, Bar No. 249376
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RAYMOND E. HORNE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DISTRICT COUNCIL 16 INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES; DOUGLAS CHRISTOPHER, an individual, and DOES 1 - 50,<br><br>　　　　Defendants. | No.　　CV 10 4653 CW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[FRCP 12(b)(6) and 12(e)]**<br><br>Date:　December 9, 2010<br>Time:　2:00 p.m.<br>Courtroom:　2<br>Judge:　Hon. Claudia Wilken |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 9, 2010, at 2:00 p.m., or as soon thereafter as this matter may be heard by the Honorable Claudia Wilken, in Courtroom 2 of the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, Defendant District Council 16 International Union of Painters and Allied Trades ("DC 16") and Defendant Douglas Christopher ("Christopher") (collectively, "Defendants") will and hereby do move for an Order dismissing

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; MPA IN SUPPORT THEREOF
Case No. CV 10-4653 CW

Plaintiff Raymond E. Horne's ("Horne") First and Second Causes of Action as alleged against each of them. In the alternative, Defendants will also and hereby do move for an Order for a more definite statement.

This Motion is brought pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure on the following grounds:

1. Horne's First and Second Causes of Action for race discrimination and retaliation in violation of the California Fair Employment and Housing Act ("FEHA") fail to state causes of action upon which relief may be granted, because the timely exhaustion of administrative remedies is not adequately alleged;

2. Horne's Second Cause of Action for retaliation in violation of the FEHA fails to state a cause of action upon which relief may be granted against Defendants, because Horne does not allege Defendants are "employers" who subjected Horne to an "adverse employment action," and Christopher's alleged retaliatory conduct is protected by California's litigation privilege;

3. Horne's First and Second Causes of Action for race discrimination and retaliation in violation of the FEHA fail to state causes of action upon which relief may be granted against Christopher, because Christopher cannot be sued as an individual nonemployer for alleged race discrimination and retaliation in violation of the FEHA; and

4. The allegations in Horne's Complaint regarding (1) his proper and timely exhaustion of administrative remedies and (2) the events upon which his First Cause of Action for discrimination in violation of FEHA is based are so vague and ambiguous that Defendants cannot reasonably prepare a response as to those allegations.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such other matters and argument as may be presented to the Court at the time of hearing.

///

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 2 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; MPA IN SUPPORT THEREOF
Case No. CV 10-4653 CW

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants respectfully submit this Memorandum of Points and Authorities in support of their Motion, brought pursuant to Rule 12(b)(6) and Rule 12(e) of the Federal Rules of Civil Procedure, to dismiss Horne's First and Second Causes of Action or, in the alternative, for a more definite statement.

## I.   INTRODUCTION

In this action, Horne seeks to hold DC 16 and Christopher — neither of which Horne claims was or is his employer — liable for race discrimination and retaliation in violation of FEHA.  Horne's allegations do not establish actionable claims under the FEHA, because (1) the timely exhaustion of administrative remedies is not adequately alleged; (2) the Complaint does not allege DC 16 and Christopher are "employers" that subjected him to an "adverse employment action;" (3) Christopher, an individual nonemployer, cannot be held individually liable for discrimination and retaliation in violation of the FEHA; and (4) Christopher's alleged retaliatory conduct —his charge that Horne violated the Constitution of the International Union of Painters and Allied Trades ("IUPAT Constitution")— is protected by California's litigation privilege.  For these separate and independently valid reasons, the Court should dismiss Horne's First and Second Causes of Action for discrimination and retaliation in violation of the FEHA as alleged against Defendants.  Alternatively, if the Court is not inclined to dismiss the First and Second Causes of Action, Defendants respectfully request an Order for a more definitive statement so that Defendants can adequately respond to Horne's conclusory allegations regarding Horne's timely exhaustion of remedies and allegations of discrimination as to the First Cause of Action.

## II.   ALLEGATIONS IN THE COMPLAINT

With respect to the race discrimination claim, Horne alleges in his Complaint that DC 16 denied him an organizer position because of his race and/or that he believes race was a "motivating factor" in the denial of the position.  Complaint, ¶ 24.  Horne also alleges Christopher, the

- 3 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; MPA IN SUPPORT THEREOF
Case No. CV 10-4653 CW

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

"Business Manager/ Secretary-Treasurer" for DC 16, was the "deciding official" who "aided and abetted" DC 16's discrimination against him. Complaint, ¶¶ 5, 14, 25. Although Horne refers to two instances in which DC 16 denied him employment as an organizer (on about April 1, 2009 and about July 6, 2010) in one section of the Complaint, it is unclear based on the allegations whether Horne's First Cause of Action for discrimination is based the first denial of employment, the second denial, or both. *See* Complaint, ¶¶ 12, 14, 20-29.

With respect to the retaliation claim, Horne alleges that, after Horne filed a charge of discrimination against Christopher with DC 16 alleging Christopher violated Section 2 of the IUPAT Constitution and DC 16 bylaws, Christopher retaliated against Horne by charging Horne with violating Section 298 of the IUPAT Constitution by preferring charges against another member which were "unsupported by substantial evidence and motivated by bad faith or malice." Complaint, ¶¶ 17, 32. Horne also alleges DC 16 retaliated against him when it "scheduled a trial of this matter." Complaint, ¶¶ 15, 32.

Further, in an attempt to prove the claims at issue are properly before a court, Horne conclusively alleges that he has "timely filed a charge of discrimination against the [D]efendants with the California Department of Fair Employment and Housing" and that he "has satisfied all private, administrative and judicial prerequisites to the institution of this action. Complaint, ¶¶ 8-9.

### III.  PROCEDURAL HISTORY

On September 2, 2010, Horne filed his Complaint in Alameda Superior Court, Case No. RG10534651. On October 15, 2010, Defendants timely removed this action to this Court based on federal question jurisdiction.

### IV.  ARGUMENT

**A.  LEGAL STANDARD ON MOTION TO DISMISS AND ON MOTION FOR A MORE DEFINITE STATEMENT**

Defendants move to dismiss Horne's First and Second Causes of Action pursuant to

- 4 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; MPA IN SUPPORT THEREOF
Case No. CV 10-4653 CW

Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party; however, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Although "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 1067-1068.

Alternatively, if the Court decides not to grant Defendants' request for dismissal of the First and Second Causes of Action, Defendants move for an order for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). A Rule 12(e) motion is proper where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted and where the defendant cannot reasonably be expected to frame a proper response. *See* Fed.R.Civ.P. 12(e).

For the reasons discussed below, the Court should grant Defendants' motion to dismiss on the basis that the First and Second Causes of Action fail to allege claims upon which relief may be granted. In the alternative, a more definite statement is warranted, because Defendants cannot reasonably be expected to frame a proper response to Horne's vague claims as to his timely exhaustion of administrative remedies and the events upon which he basis his First Cause of Action for discrimination.

**B.  THE COMPLAINT FAILS TO ADEQUATELY ALLEGE TIMELY EXHAUSTION**

The FEHA includes an exhaustion requirement, requiring a plaintiff to file a charge of discrimination with the DFEH within one year from the date upon which the alleged unlawful practice occurred. Cal. Gov. Code § 12960. A failure to adequately allege timely exhaustion may be grounds for dismissal of a FEHA cause of action. *See, e.g. Pellerin v. Huron Consulting Group, Inc.,* 2010 U.S. Dist. LEXIS 106079, **8-12 (N.D. Cal. 2010) (granting motion to dismiss cause of action under the FEHA based on silence of complaint as to timely filing of any charge with the DFEH). Here, Horne conclusively alleges in his Complaint that he "timely filed a charge of

- 5 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; MPA IN SUPPORT THEREOF
Case No. CV 10-4653 CW

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

1  discrimination against [D]efendants with the California Department of Fair Employment and

2  Housing" and "has satisfied all private, administrative and judicial prerequisites to the institution of

3  this action." However, as mentioned above, conclusory allegations of law and unwarranted

4  inferences are not sufficient to avoid dismissal. *Cousins v. Lockyer*, 568 F.3d at 1067. Dismissal

5  of the First and Second Causes of Action is warranted, because the Complaint alleges no facts to

6  support Horne's conclusive allegations that the exhaustion requirement was met in a timely

7  manner. The First and Second Causes of Action should be dismissed on this basis alone.

**C. HORNE'S SECOND CAUSE OF ACTION AGAINST CHRISTOPHER AND DC 16 FAILS BECAUSE HORNE DOES NOT ALLEGE DEFENDANTS ARE "EMPLOYERS" THAT SUBJECTED HORNE TO AN "ADVERSE EMPLOYMENT ACTION"**

Even if the Complaint adequately alleged timely exhaustion as required by the FEHA, Horne's Second Cause of Action against Defendants should be dismissed in its entirety on the basis that it fails to allege Defendants are employers that subjected Horne to an adverse employment action. "[I]n order to establish a prima facie case of retaliation under the FEHA, a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action. [Citations.]" *Yanowitz v. L'Oreal USA, Inc*., 36 Cal. 4th 1028, 1042 (2005). The second element of FEHA retaliation is not met here, because the Complaint does not allege Christopher or DC 16 is an "employer" that subjected Horne, as an "employee," to "an adverse employment action."

Rather than alleging DC 16 or Christopher are his employers, which would be impossible because they are not, Horne alleges DC 16 *failed to hire* him for an organizer position based on his race and that Christopher was the "deciding official." *See* Complaint, ¶¶ 11-14. 24-25. Although Horne alleges in Paragraph 23 of his Complaint that he "was treated less favorably than other employees because of his race," nowhere in the Complaint does Horne allege he is an actual employee of either DC 16 or Christopher. To the contrary, the Complaint itself alleges Horne is not an employee, because Horne's First Cause of Action for discrimination is solely based on DC

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 6 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; MPA IN SUPPORT THEREOF
Case No. CV 10-4653 CW

16's alleged failure to hire. The Complaint fails to state a claim for retaliation in violation of FEHA on this basis.

Second, even if the Complaint did allege that Defendants are or were Horne's employer, the Complaint does not allege Defendants subjected Horne to an "adverse employment action." Under the FEHA, an "adverse employment action" is one that "materially affects the terms, conditions or privileges of employment." *Finley v. County of Martin*, 2009 U.S. Dist. LEXIS 119863, *51 (N.D. Cal. 2009) (citing *Yanowitz,* 36 Cal.4th at 1051 & n.10). The Complaint does not allege DC 16 or Christopher committed any action that "materially affects the terms, conditions or privileges" of Horne's employment. At most, Horne alleges Christopher charged him with violating Section 298 of the IUPAT Constitution, that DC 16 scheduled a trial on the matter, and that Horne could potentially suffer expulsion from the union that "*would* materially affect" his "ability to obtain *future* employment." *See* Complaint, ¶ 32 (emphasis added). The potential material effect of conduct committed by nonemployers on Horne's future employment cannot constitute an "adverse employment action" under FEHA. Such conduct clearly falls outside the employment context.[1] Horne's Second Cause of Action also fails for this reason.

### D. HORNES' FIRST AND SECOND CAUSES OF ACTION AGAINST CHRISTOPHER FAIL BECAUSE HORNE CANNOT SUE CHRISTOPHER INDIVIDUALLY FOR ALLEGED DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FEHA

Further, the Complaint fails to state any claim upon which relief can be granted against Christopher. Horne's First and Second Causes of Action seek to sue Christopher, an individual who is not Horne's employer, for race discrimination and retaliation in violation of the FEHA. The California Supreme Court has held, however, that nonemployer individuals cannot be sued as

---

[1] The "adverse employment action" should be made within the employment context in order for there to be an actionable claim of retaliation. In *Brooks v. City of San Mateo,* for example, the Ninth Circuit explained that, although "termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for promotion" may constitute an adverse employment action, "badmouthing an employee outside the job reference context do[es] not constitute adverse employment action." *Brooks v. City of San Mateo,* 229 F.3d 917, 928-29 (9th Cir. 2000) (applying the broader Title VII test for what constitutes an "adverse employment action" to evaluate a retaliation claim).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 7 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; MPA IN SUPPORT THEREOF
Case No. CV 10-4653 CW

1  individuals for discrimination in violation of the FEHA. *Reno v. Baird,* 18 Cal.4th 640, 663 (1998)
2  ("[I]ndividuals who do not themselves qualify as employers may not be sued under the FEHA for
3  alleged discriminatory acts."). About ten years after its decision in *Reno*, the California Supreme
4  Court also held nonemployer individuals cannot be sued for retaliation in violation of the FEHA.
5  *Jones v. The Lodge at Torrey Pines Partnership,* 42 Cal.4th 1158, 1173-74 (2008) ("[W]e conclude
6  that the employer is liable for retaliation under section 12940, subdivision (h), but nonemployer
7  individuals are not personally liable for their role in that retaliation.") Here, Horne's First and
8  Second Causes of Action against Christopher, a nonemployer individual, are not based on any
9  cognizable legal theory under California law. *Reno* and *Jones* establish that Horne's claims against
10 Christopher are not cognizable. Christopher should be dismissed from this lawsuit in its entirety.[2]

### E. CHRISTOPHER'S ALLEGED RETALIATORY CONDUCT CANNOT BE GROUNDS FOR A FEHA RETALIATION CLAIM BECAUSE THE CONDUCT IS PROTECTED BY CALIFORNIA'S LITIGATION PRIVILEGE

Furthermore, Christopher's alleged retaliatory conduct —the filing of a charge against Horne pursuant to the IUPAT Constitution— cannot constitute grounds for a FEHA retaliation claim, because such action is absolutely protected by California's litigation privilege, which is codified in California Civil Code section 47(b).

California Civil Code section 47(b) confers an unqualified privilege for any "publication" or "broadcast" made in any:

(1) legislative proceeding,

(2) judicial proceeding,

(3) in any other official proceeding authorized by law, or

(4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure

Cal. Civ. Code § 47(b). The litigation privilege is broadly applied [citation], and doubts are

---

[2] Horne's allegation that Christopher "aided and abetted" DC 16 in relation to his First Cause of Action does not change this conclusion. A discriminating employer's supervisor is not responsible for "aiding or abetting" when it acts on behalf of the employer. *Reno,* 18 Cal.4th at 655-656.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 8 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; MPA IN SUPPORT THEREOF
Case No. CV 10-4653 CW

1  resolved in favor of the privilege [citation]. *Ramalingam v. Thompson*, (2007) 151 Cal. App. 4th
2  491, 500.
3  The phrase "in any other official proceeding authorized by law" embraced in California
4  Civil Code section 47(b) encompasses "those proceedings which resemble judicial and legislative
5  proceedings, such as transactions of administrative boards and quasi-judicial and quasi-legislative
6  proceedings." *Ascherman v. Natanson* 23 Cal App 3d 861, 865-867 (applying litigation privilege
7  to publications and broadcasts made at hearing by hospital district concerning hospital's denial of
8  physician's application for staff privileges); *see also Moore v. Conliffe,* 7 Cal. 4th 634, 653 (1994
9  (applying litigation privilege to publications and broadcasts made at private arbitration
10 proceedings); *Cuenca v. Safeway San Francisco Employees Fed. Credit Union* (1986) 180
11 Cal.App.3d 985, 994, fn 2 (two factors indicative of quasi-judicial proceeding are holding of
12 hearing and making of findings of fact); *Harris v. King* (1998) 60 Cal.App.4th 1185, 1187
13 (applying the privilege to a doctor's submission of a report to a workers' compensation carrier as
14 part of a workers' compensation proceeding).
15 Here, the alleged retaliatory conduct committed by Christopher consists of his filing of a
16 charge against Horne that he violated the IUPAT Constitution.  Although Horne's Complaint does
17 not describe the details of the trial board proceeding triggered by Christopher's charge, the
18 Complaint provides sufficient information to establish the DC 16 internal proceedings triggered by
19 Christopher's charge resemble judicial proceedings in that they include the holding of a hearing
20 and the making of factual findings.  *See* Complaint, ¶¶ 15-17, 32 (alleging that (1) *Horne's* charge
21 of discrimination against Christopher —which alleged a violation of Section 2 of the IUPAT
22 Constitution— resulted in a formal trial, after which DC 16 issued a decision and (2) DC 16 has
23 "scheduled a trial" regarding Christopher's charge against Horne).  Horne's Second Cause of
24 Action thus fails to state a claim against Christopher for retaliation on the grounds that the alleged
25 retaliatory conduct at issue is protected by California's litigation privilege.

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Horne's First and Second Causes of Action as to each of them as alleged. Alternatively, if the Court does not dismiss the First and Second Causes of Action, Defendants request that the Court order Horne to provide a more definite statement regarding his timely filing of a charge with the DFEH and the events upon which he bases his First Cause of Action so that Defendants can adequately respond to the Complaint.

Dated: October 22, 2010

          WEINBERG, ROGER & ROSENFELD
          A Professional Corporation

          By:  /s/ Jannah V. Manansala
               EMILY P. RICH
               JANNAH V. MANANSALA
               Attorneys for Defendants

126288/593830

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 10 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; MPA IN SUPPORT THEREOF
Case No. CV 10-4653 CW