IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. HORNE, | No. C 10-04653 CW |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Docket No. 8) AND GRANTING DEFENDANTS' MOTION TO DISMISS (Docket No. 5) |
| v. | |
| DISTRICT COUNCIL 16 INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES and DOUGLAS CHRISTOPHER, | |
| Defendants. | |
| _____/ | |

Plaintiff Raymond E. Horne alleges that Defendants District Council 16 International Union of Painters and Allied Trades (District Council 16) and Douglas Christopher violated California's Fair Employment and Housing Act (FEHA) by discriminating against him on the basis of race and retaliating against him for complaining about race discrimination.  Plaintiff moves to remand his action to Alameda County Superior Court and requests attorneys' fees for improper removal.  Defendants oppose Plaintiff's motion and move to dismiss his action or, in the alternative, for a more definite statement.  Plaintiff opposes Defendants' motion.  The motions were heard on December 23, 2010.  Having considered oral argument and the papers submitted by the parties, the Court DENIES Plaintiff's motion to remand and GRANTS Defendants' motion to dismiss.  Plaintiff is granted leave to amend his complaint.

BACKGROUND

The following allegations are contained in Plaintiff's complaint.

United States District Court
For the Northern District of California

1   Plaintiff is an African-American male and resides in

2   California.  District Council 16, which is headquartered in

3   Livermore, California, is comprised of sixteen local unions of

4   drywall finishers, glaziers, painters and floor coverers.

5   Plaintiff is a member of Glaziers Local Union No. 718, which

6   is a part of District Council 16.  In 2004, Plaintiff joined the

7   union's executive board.  Since 2006, Plaintiff has been the

8   union's recording secretary.

9   In February, 2009, Plaintiff applied for an organizer position

10  with District Council 16, which is a full-time position with

11  benefits.  A few weeks later, he interviewed with John Sherak, the

12  union's director of organizing.  On or about April 1, 2009,

13  Plaintiff was notified that another applicant had been chosen for

14  the position.  The successful candidate was Mark Shelly, a white

15  male who had not actively participated in the union before he was

16  selected to be an organizer.

17  On February 19, 2010, Plaintiff again applied for an organizer

18  position with District Council 16.  On or about July 6, 2010,

19  Plaintiff was informed that he was not selected for the position.

20  The successful candidate was Mike Dufford, a white male "who had an

21  insignificant history of service with Glaziers Local Union #718"

22  Compl. ¶ 14.  Plaintiff believes that Defendant Douglas

23  Christopher, the business manager and secretary-treasurer of

24  District Council 16, made the decision to select Dufford.

25  On July 7, 2010, Plaintiff filed internal union charges

26  against Christopher.  Plaintiff alleged that Christopher violated

27  section 2 of the Constitution of the International Union of

28  Painters and Allied Trades (IUPAT).  In relevant part, section 2

2

states that an object of IUPAT is to "unite into one labor organization all workers eligible for membership, regardless of religion, race, creed, color, national origin, age, or sex." Compl. ¶ 15.  Plaintiff also charged Christopher with violating the District Council 16 Bylaws, which provide that "any member who discriminates against a member shall have charges preferred against them."  Compl. ¶ 15.[1]  On July 29, 2010, District Council 16 held a trial on Plaintiff's charges.  On July 30, 2010, Christopher was found not guilty on both counts.  Plaintiff has appealed this decision.

On or about August 5, 2010, Christopher filed an internal union charge against Plaintiff, claiming that Plaintiff had violated section 298 of the IUPAT Constitution.  Section 298 provides that a union member violates the IUPAT Constitution by preferring charges against another member that are "unsupported by substantial evidence and motivated by bad faith or malice."  Compl. ¶ 17.  District Council 16 held a trial on this charge on August 30, 2010.

Based on these allegations, Plaintiff filed a complaint in Alameda County Superior Court on September 2, 2010.  He pleads FEHA claims against both Defendants for race discrimination based on the July, 2010 decision not to hire him as an organizer.  He also brings FEHA claims for retaliation against both Defendants.  In particular, Plaintiff alleges that Christopher filed his August 5,

---

[1] In his complaint, Plaintiff alleges that he brought charges against Christopher under ¶ 18.4 of the Bylaws.  Plaintiff appears to have intended to plead that he brought claims under ¶ 18.3 of the Bylaws.  <u>See</u> Manansala Decl. in Support of Defs.' Opp'n to Remand, Ex. B ¶ 18.3.

2010 charge in retaliation for Plaintiff's July 7, 2010 charges
concerning race discrimination.  Plaintiff appears to allege that
District Council 16 retaliated against him by scheduling "a trial
of this matter."  Compl. ¶ 32.

With respect to exhaustion of his administrative remedies,
Plaintiff pleads only that he "timely filed a charge of
discrimination" before the DFEH.  Compl. ¶ 8.  At the hearing on
the parties' motions, Plaintiff clarified that his FEHA claims do
not rest on District Council 16's alleged decision not to hire him
in April, 2009, but rather on its alleged decision not to do so in
July, 2010.  Defendants conceded that Plaintiff has exhausted his
administrative remedies with respect to District Council 16's non-
selection decision in July, 2010.

Defendants removed Plaintiff's action to federal court on
October 15, 2010.  They assert that the Court has federal question
jurisdiction based on Plaintiff's retaliation claims, which they
contend are preempted by section 301 of the Labor Management
Relations Act (LMRA) of 1947, 29 U.S.C. § 185.  Defendants ask the
Court to exercise supplemental jurisdiction over Plaintiff's
discrimination claim under FEHA.

DISCUSSION

I.  Plaintiff's Motion to Remand

At any time before judgment, if it appears that the district
court lacks subject matter jurisdiction over a case previously
removed from state court, the case must be remanded.  28 U.S.C.
§ 1447(c).  On a motion to remand, the scope of the removal statute
must be strictly construed.  See Gaus v. Miles, Inc., 980 F.2d 564,
566 (9th Cir. 1992).  "The 'strong presumption' against removal

4

jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (internal citation omitted). Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

Generally, "the well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation and internal quotation marks omitted). An exception to this rule is the "complete preemption" doctrine. Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir. 2000). This "doctrine is actually a doctrine of jurisdiction and is not to be confused with ordinary preemption doctrine (although it is related to preemption law)." Id. Under the complete preemption doctrine, the "preemptive force" of certain statutes is recognized as being "so strong that they 'completely preempt' an area of state law" such that "any claim purportedly based on that preempted state law is considered, from its inception, a federal claim . . . ." Id.

Section 301, which has been deemed to have such an effect, provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). "Union constitutions are an important form of contract between labor organizations" and fall within the scope of

section 301.  <u>Woodell v. Int'l Bhd. of Elec. Workers</u>, 502 U.S. 93, 101 (1991); <u>see also</u> <u>Fox v. Bakery, Confectionary, Tobacco Workers & Grain Millers Int'l Union</u>, 2010 WL 682458, at *8 (N.D. Cal.).  To fulfill the LMRA's purposes, "§ 301 'complete preemption' must be construed to cover 'most state-law actions that require interpretation of labor agreements.'" <u>Balcorta</u>, 208 F.3d at 1108.

"A state law claim is completely preempted by the LMRA when it 'necessarily requires the court to interpret an existing provision of a [labor agreement] that can reasonably be said to be relevant to the resolution of the dispute.'" <u>Dahl v. Rosenfeld</u>, 316 F.3d 1074, 1077 (9th Cir. 2003) (quoting <u>Cramer v. Consol. Freightways Inc.</u>, 255 F.3d 683, 693 (9th Cir. 2001)).  Courts must narrowly construe the term "interpret." <u>Balcorta</u>, 208 F.3d at 1108.  "A 'reference to or consideration of terms of a [labor] agreement is not the equivalent of interpreting the meaning of the terms.'" <u>Detabali v. St. Luke's Hosp.</u>, 482 F.3d 1199, 1203 (9th Cir. 2007) (quoting <u>Ramirez v. Fox Television Station, Inc.</u>, 998 F.2d 743, 749 (9th Cir. 1993)).

As noted above, Defendants argue that Plaintiff's retaliation claims are preempted by section 301.  Defendants maintain that they have legitimate, non-retaliatory reasons for their challenged conduct and that these reasons will require an interpretation of the IUPAT Constitution and the District Council 16 Bylaws.[2]  In particular, Christopher asserts that his charge was based on Plaintiff's violation of the IUPAT Constitution.  For its part,

---

[2] Retaliation claims under FEHA are subject to the familiar burden-shifting framework established by <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).  <u>Yanowitz v. L'Oreal USA, Inc.</u>, 36 Cal. 4th 1028, 1042 (2005).

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

District Council 16 states that it was following its Bylaws and procedures when it scheduled a hearing on Christopher's charge and that it did not act based on a retaliatory motive.

An evaluation of these defenses would necessarily entail an interpretation of the IUPAT Constitution and District Council 16's Bylaws.  With regard to Christopher, the Court would likely be required to construe the terms "substantial evidence," "bad faith" and "malice" to determine whether Christopher's reason for bringing a charge was legitimate and non-retaliatory.  And, as explained further below, interpretation of these terms would also be necessary to evaluate whether Christopher's legitimate reason was a pretext for retaliation.  As for District Council 16, whether it was required to schedule proceedings on Christopher's charge would entail an analysis of its Bylaws and the IUPAT Constitution.

Plaintiff argues that his retaliation claim requires determining Defendants' intent and that this inquiry does not require resort to the Bylaws or the IUPAT Constitution.  This is not necessarily true.  For example, if Christopher asserts that he filed his charge with the intent to discipline Plaintiff for his alleged violation of the IUPAT Constitution, the Court must interpret the terms of that document to determine whether Christopher's claim was colorable.  If it were not, Christopher's proffered reason could be deemed illegitimate, permitting a presumption of retaliatory motive.  Alternatively, Christopher's reason could be deemed to be pretext for retaliation, particularly if Plaintiff can show that others similarly situated have not been charged under section 298; the evaluation of comparable circumstances would also entail an interpretation of the IUPAT

United States District Court
For the Northern District of California

1    Constitution.

2        Plaintiff next argues that neither the Bylaws nor the IUPAT

3    Constitution defines or describes the terms "discriminates," "bad

4    faith" or "malice."  Pl.'s Reply in Support of Mot. to Remand 3.

5    However, this argument strengthens the case against remand.  If

6    these terms were explained, interpretation of these documents might

7    not be required; mere reference to them could be sufficient.

8    However, because these terms are not defined, the Court must

9    interpret them, thereby triggering jurisdiction under section 301.

10       Finally, Plaintiff cites <u>Guidry v. Marine Engineers'</u>

11   <u>Beneficial Association</u>, 2007 WL 707511 (N.D. Cal.), for the

12   proposition that section 301 does not preempt retaliation claims

13   against unions.  <u>Guidry</u> is distinguishable.  There, the plaintiff

14   alleged that his union retaliated against him by failing to

15   represent him at a meeting at which he was discharged and by

16   refusing to file a grievance on his behalf.  <u>Id.</u> at *5.  The court

17   opined that whether interpretation of a labor contract was required

18   was a close case.  <u>Id.</u> at *5.  The court ultimately held that no

19   analysis was required, noting that the defendant had failed to

20   identify "any contractual provision whose meaning is disputed."

21   <u>Id.</u> at *6.  Here, Defendants have identified provisions that

22   require interpretation.

23       Accordingly, because Defendants raise defenses that would

24   require interpretation of the Bylaws and the IUPAT Constitution,

25   the Court has federal question jurisdiction over Plaintiff's

26   action.  Thus, this case was properly removed from state court, and

27   Plaintiff's motion to remand must be denied.

28

United States District Court
For the Northern District of California

II.  Defendants' Motion to Dismiss or for a More Definite Statement

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

United States District Court
For the Northern District of California

Pursuant to Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement when a pleading to which a responsive pleading is permitted is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Where a pleading "fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  A Rule 12(e) motion is proper "where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).  A Rule 12(e) motion is also appropriate where it is not clear from the complaint what the legal nature of the claim is or if an employee is asserting a common law or statutory claim. McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

A.   FEHA Claims Against Christopher

Defendants argue that Plaintiff's claims against Christopher must be dismissed on three grounds: (1) he cannot be sued individually under FEHA; (2) the filing of his internal union charge against Plaintiff was privileged; and (3) Plaintiff does not plead facts in support of his claim.  Because the first reason is dispositive, the remaining two are not addressed.

Plaintiff brings his discrimination claim against Christopher under section 12940(b).  Compl. ¶ 24.  That section proscribes conduct by a "labor organization," Cal. Gov't Code § 12940(b), which is defined to be "any organization that exists and is constituted for the purpose, in whole or in part, of collective

10

bargaining or of dealing with employers concerning grievances, terms or conditions of employment, or of other mutual aid or protection," id. § 12926.  Christopher does not meet this definition and is therefore not subject to section 12940(b).

Plaintiff's retaliation claim is brought under section 12940(h), which concerns conduct by "any employer, labor organization, employment agency, or person."  Even though the statute uses the word "person," in Jones v. Lodge at Torrey Pines Partnership, the California Supreme Court held that employees must bring retaliation claims against their employers; "nonemployer individuals are not personally liable for their role in that retaliation."  42 Cal. 4th 1158, 1173 (2008).  California courts, however, have not addressed whether union officials can be held personally liable for retaliation.  Thus, the Court must predict how the California Supreme Court would resolve this question.  Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 872 (9th Cir. 2007).

Although Jones addressed retaliation in the employment context, its reasoning could be applied with equal force to retaliation by union officials who are acting on their organization's behalf.  Jones relied on reasoning from Reno v. Baird, in which the California Supreme Court held that nonemployer individuals cannot be held liable for unlawful discrimination in employment, 18 Cal. 4th 640 (1998).  The Jones court explained,

> All of the[] reasons for not imposing individual
> liability for discrimination -- supervisors can avoid
> harassment but cannot avoid personnel decisions, it is
> incongruous to exempt small employers but to hold
> individual nonemployers liable, sound policy favors
> avoiding conflicts of interest and the chilling of
> effective management, corporate employment decisions are

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  often collective, and it is bad policy to subject
2  supervisors to the threat of a lawsuit every time they
   make a personnel decision -- apply equally to
3  retaliation.  Indeed, some may apply even more forcefully
   to retaliation claims.  If an employee gains a reputation
4  as a complainer, supervisors might be particularly afraid
   to impose discipline on that employee or make other
5  lawful personnel decisions out of fear the employee might
   claim the action was retaliation for the complaining.

6  Id. at 1167.  Many of these policy considerations can be applied to

7  individuals acting in their capacities as union officials and on

8  behalf of the union.

9      Here, Plaintiff has not alleged the capacity in which

10  Christopher retaliated against him.  Plaintiff's opposition

11  suggests that Christopher acted in his capacity as a union official

12  and on behalf of the union.  In responding to Defendants' argument

13  on the effect of Jones and Reno on this case, Plaintiff refers to

14  Christopher as a union official.  Plaintiff also argues that

15  Christopher could be regarded to have aided and abetted District

16  Council 16's alleged misconduct.  These arguments suggest that

17  Christopher acted in his capacity as a union official, on behalf of

18  District Council 16.  If this is so, Jones and Reno preclude

19  Plaintiff from seeking liability against Christopher for

20  retaliation.[3]

21      Plaintiff's alternative theory is that Christopher could be

22  held liable under section 12940(i), which deems it unlawful for

23  "any person to aid, abet, incite, compel, or coerce the doing of

24  any of the acts forbidden under this part, or to attempt to do so."

25

26      [3] Because Plaintiff's arguments do not suggest that
   Christopher acted in a strictly personal capacity, the Court does
27  not decide whether section 12940(h) supports liability against an
   individual who was not a union official and not acting on the
28  union's behalf.

12

United States District Court
For the Northern District of California

However, this argument is also foreclosed by <u>Reno</u>, which interpreted subsection (i) to pertain to third parties who are not a part of an entity defendant. 18 Cal. 4th at 655-56 (citing <u>Janken v. GM Hughes Elecs.</u>, 46 Cal. App. 4th 55 (1996)). Here, Christopher was apparently a union official and, therefore, a part of the union.

Accordingly, Plaintiff's claims against Christopher are dismissed. Because amendment of his discrimination claim against Christopher would be futile, this claim is dismissed with prejudice. Plaintiff's retaliation claim against Christopher, to the extent it is based on Christopher's role as a union official or actions he undertook on behalf of the union, is dismissed without leave to amend. Plaintiff is granted leave to amend his retaliation claim only if he intends to allege that Christopher acted in an individual capacity and is prepared to provide legal authority for the proposition that such a claim can be raised under FEHA.

B.   Sufficiency of Pleadings Supporting Retaliation Claim Against District Council 16

Defendants argue that Plaintiff's retaliation claim against District Council 16 must be dismissed because his allegations fail to state a claim. Defendants do not challenge the sufficiency of the allegations supporting Plaintiff's discrimination claim against District Council 16.

FEHA provides that it is unlawful for any "labor organization . . . to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified,

United States District Court
For the Northern District of California

or assisted in any proceeding under this part." Cal. Gov't Code § 12940(h). FEHA's provisions must be "construed liberally for the accomplishment of the purposes of" that law. Id. § 12993(a); see also Yanowitz, 36 Cal. 4th at 1054 n.14.

As noted above, Plaintiff alleges in his complaint that District Council 16 retaliated against him by scheduling a trial on Christopher's August 5, 2010 internal union charge. At the hearing on the parties' motions, Plaintiff conceded that this does not constitute actionable retaliation by District Council 16. However, Plaintiff represented that, since District Council held the trial on Christopher's charge, the union has suspended Plaintiff's membership. Based on this representation, Plaintiff's retaliation claim appears to arise under the "otherwise discriminate" prong of section 12940(h); he does not allege or represent that Defendants discharged or expelled him.

In their opening brief, Defendants argue that Plaintiff's retaliation claim must be dismissed because he fails to allege that District Council 16 was his employer and that it took an adverse employment action against him.[4] In his opposition, Plaintiff points out that he is suing District Council 16 in its capacity as a labor organization, not as his employer.

By its plain terms, FEHA prohibits District Council 16 from retaliating against Plaintiff for engaging in protected activity. Defendants argue that Plaintiff must allege that they retaliated

---

[4] Defendants do not challenge Plaintiff's race discrimination claim on the same grounds. FEHA prohibits "a labor organization" from discriminating against any person based on race "in the selection of the labor organization's staff." Cal. Gov't Code § 12940(b).

United States District Court
For the Northern District of California

against him "in his capacity as a union member." Reply 3 (citing Yerndon v. Teamsters Local 1149, 886 F. Supp. 226 (N.D.N.Y. 1995)) (emphasis in original).[5] Plaintiff's representation that District Council 16 suspended his membership could satisfy this standard. However, because Plaintiff does not allege this in his complaint and because he concedes that the conduct he has plead does not state a claim, his retaliation claim against District Council 16 must be dismissed. Plaintiff is granted leave to amend to plead that District Council 16 suspended his membership in retaliation for protected activity.

> C.   Exhaustion of Administrative Remedies

FEHA requires plaintiffs to exhaust their administrative remedies prior to bringing suit. This involves filing a complaint with the California Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue letter. Martin v. Lockheed Missiles & Space Co., 29 Cal. App. 4th 1718, 1724 (1994).

Defendants complain that Plaintiff does not plead sufficient facts to support his allegation that he timely exhausted his administrative remedies. Neither Plaintiff nor Defendants have lodged any documents related to Plaintiff's actions before the DFEH.

As noted above, at the hearing on the parties' motions, Plaintiff stated that he rests his claims on District Council 16's decision not to hire him in July, 2010, and Defendants conceded

---

[5] Because Plaintiff's assertion that he was suspended appears to satisfy the standard set forth in Yerndon, the Court need not reach whether a labor union might "otherwise discriminate" by taking actions that do not affect members in their capacities as union members.

that Plaintiff exhausted his administrative remedies with respect to this decision.  This decision, however, apparently pertains only to Plaintiff's discrimination claim against District Council 16. Plaintiff did not represent whether he exhausted his administrative remedies with respect to his retaliation claims against either Christopher or District Council 16, which are based on different conduct.

Accordingly, the Court denies Defendants' motion to dismiss based on Plaintiff's failure to exhaust administrative remedies, to the extent it is directed at his discrimination claim against District Council 16.  However, Plaintiff's retaliation claims against Christopher and District Council 16 are dismissed for the additional reason that he has not alleged that he has exhausted them with the DFEH.  In any amended complaint, Plaintiff must allege that he has exhausted his administrative remedies with respect to his retaliation claims.

CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to remand (Docket No. 8) and GRANTS Defendants' motion to dismiss (Docket No. 5).  Plaintiff's discrimination claim against Christopher is dismissed with prejudice.  His retaliation claim against Christopher, to the extent that it is based on Christopher's role as a union official or actions undertaken on behalf of the union, is dismissed without leave to amend. Plaintiff is granted leave to amend his retaliation claim only if he intends to allege that Christopher acted in an individual capacity and is prepared to offer legal authority to support such a claim.  His retaliation claim against District Council 16 is

16

United States District Court
For the Northern District of California

dismissed with leave to amend to plead that it suspended his union membership because he engaged in protected activity.  Plaintiff's retaliation claims against Christopher and District Council 16 are dismissed for the additional reason that he has not plead that he has exhausted his administrative remedies with respect to them; he must cure this deficiency in any amended complaint.  Plaintiff's discrimination claim against District Council 16 is sufficiently plead.

Plaintiff may file an amended pleading within seven days of the date of this Order.  If Plaintiff does so, Defendants shall answer or move to dismiss fourteen days after Plaintiff files his amended complaint.  If Defendants move to dismiss, Plaintiff shall file his opposition fourteen days after the motion is filed. Defendants' reply, if necessary, shall be due seven days after that.  The motion will be taken under submission on the papers.

If Plaintiff does not file an amended complaint, his retaliation claims will be dismissed without prejudice, and his discrimination claim against the union will be remanded to Alameda County Superior Court.

The case management conference, currently set for January 25, 2011, is continued to March 15, 2011 at 2:00 p.m.


IT IS SO ORDERED.


Dated: 1/19/2011

CLAUDIA WILKEN
United States District Judge

17