JOCELYN BURTON (SBN 135879)
**BURTON EMPLOYMENT LAW**
1939 Harrison Street, Suite 924
Oakland, CA 94612
Ph:  (510) 318-6316
Fax:  (510) 473-3672
e-mail:  jburton@burtonemploymentlaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. HORNE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DISTRICT COUNCIL 16 INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES;<br><br>　　　　Defendant. | Case No.:  CV 10 4653<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>　Race Discrimination (Govt. Code § 12940(b);<br><br>JURY TRIAL DEMANDED |

　　　Plaintiff Raymond E. Horne complains against Defendant District Council 16 International Union of Painters and Allied Trades (hereinafter "District Council 16") and demands a trial by jury of all issues.  Plaintiff alleges the following:

**PARTIES AND JURISDICTION**

　　　1.　　At all pertinent times mentioned in this Complaint, Plaintiff Raymond E. Horne was a resident of the State of California.

　　　2.　　Plaintiff is a member of a protected class within the meaning of the California Fair Employment and Housing Act, California Government Code § 12920 *et seq.*  ("FEHA").

FIRST AMENDED COMPLAINT, CASE NO. C 10-04653 CW - 1

Plaintiff is an African-American male.  Plaintiff is a glazier and has been a member of District Council 16 or its predecessor entities for approximately nine years.

3. Defendant District Council 16 is composed of approximately 16 local unions of drywall finishers, glaziers, painters, and floor covers.  Glaziers Local Union #718 is a member of District Council 16.  District Council 16 is headquartered in Livermore, California.

4. Plaintiff is informed and believes that defendant District Council 16 employs more than 40 employees in California.

## ADMINISTRATIVE REMEDIES

5. On or about August 30, 2010, Plaintiff filed a Complaint for discrimination and retaliation with the California Department of Fair Employment and Housing ("DFEH").  In his Complaint, Plaintiff alleged that he was denied the position of organizer because of his race (African-American).  Plaintiff also alleged that defendant District Council 16 had a pattern and practice of discriminating on the basis of race.

6. On or about August 30, 2010, Plaintiff received a right to sue letter from the DFEH.

**7.** On or about August 30, 2010, Plaintiff served defendant District Council 16 with the DFEH right to sue letter via certified mail.

## FACTUAL ALLEGATIONS

8. Plaintiff became a member of the executive board of Glaziers Local Union #718 in 2004.  Since 2006, Plaintiff has been the recording secretary and an officer of Glaziers Local Union #718.

9. In February 2009, Plaintiff applied for the position of organizer with the union.  The organizer position is a full-time position with benefits.  In response to his application,

Plaintiff was asked to provide a writing sample. Plaintiff provided the writing sample and he received an interview with John Sherak, Director of Organizing, a few weeks later.

10. On approximately April 1, 2009, Plaintiff received a letter stating that he had represented himself as being very qualified, but the decision had been made to hire another applicant. The successful applicant, Mark Shelly, is a white male who had not actively participated in Glaziers Local Union #718 activities before he was selected as an organizer.

11. In approximately February 2010, District Council 16 had another vacancy for the organizer position. Although the availability of the organizing position was announced, District Council 16 never posted any document which stated the qualifications and experience required for the position. On approximately, February 19, 2010, Plaintiff applied for the position. Plaintiff received a cursory interview and was asked to write an essay regarding union organizing. Plaintiff wrote the essay as requested.

12. On approximately July 6, 2010, Plaintiff received a letter from John Sherak stating that the organizing position had been filled by another applicant. The successful applicant, Mike Dufford, is a white male who had an insignificant history of service with Glaziers Local Union #718. Although Plaintiff received the letter informing him of the hiring decision from John Sherak, Plaintiff is informed and believes that the deciding official was Douglas Christopher, the Business Manager/Secretary-Treasurer of District Council 16.

13. On July 7, 2010, Plaintiff filed a charge against Douglas Christopher alleging that Christopher had violated Section 2 of the Constitution of the International Union of Painters and Allied Trades which states that "[t]he objects of this International Union are …To unite into one labor organization all workers eligible for membership, regardless of religion, race, creed, color, national origin, age, or sex." Further, Plaintiff charged defendant Christopher with violating

District Council 16 Bylaws, Article 18 Trade Rules, Paragraph 18.4, which states that any member who discriminates against a member shall have charges preferred against them.

14. Defendant District Council 16 held a trial on July 29, 2010.  On July 30, 2010, defendant District Council 16 issued its decision that Douglas Christopher was not guilty of violating District Council 16 Bylaws, Article 18, Trade Rules, Paragraph 18.4 or Section 2 of the International Union of Painters and Allied Trades Constitution.

15. As a result of the actions of Defendant District Council 16, Plaintiff has suffered economic damage and emotional distress, humiliation, and embarrassment.

**FIRST CAUSE OF ACTION**
**RACE DISCRIMINATION**
(Disparate Treatment as to Defendant District Council 16)

16. Plaintiff incorporates the allegations of Paragraphs 1-15 of this Complaint by reference.

17. This is a claim for relief from race discrimination in employment brought pursuant to the FEHA.

18. Plaintiff is a member of a protected class.

19. Plaintiff was treated less favorably than other employees because of his race (African-American).

20. Plaintiff was denied the position of organizer because of his race and/or Plaintiff believes that his race was a motivating factor in Defendant District Council 16's decision not to hire him for the position of organizer in violation of Government Code §§ 12940(b).

21. Plaintiff suffered discrimination from defendant District Council 16 because of Plaintiff's race.

FIRST AMENDED COMPLAINT, CASE NO. C 10-04653 CW - 4

22. District Council 16 has a pattern and practice of denying employment to minorities, particularly African-Americans.

23. Plaintiff has suffered and continues to suffer economic and emotional distress damages resulting from the race discrimination.

24. In doing the acts alleged herein, Defendant District Council 16 acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial.

25. Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## JURY TRIAL DEMAND

26. Plaintiff demands a jury trial.

## PRAYER

Wherefore, Plaintiff prays for judgment against Defendant District Council 16, as follows:

1. For a monetary judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2. For a money judgment for mental pain, anguish and emotional distress, according to proof;

3. For an award of punitive damages;

4. For the cost of suit and attorney's fees, including attorney's fees pursuant to Government Code § 12965(b);

5. For prejudgment and post judgment interest; and

FIRST AMENDED COMPLAINT, CASE NO. C 10-04653 CW - 5

6. For any further relief that is just and proper.

Dated:  January 26, 2011                         **BURTON EMPLOYMENT LAW**

                                                      By:_____//ss//_____
                                                        JOCELYN BURTON
                                                        Attorney for Plaintiff
                                                         RAYMOND E. HORNE